IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTA KULP, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-5056 |
| | : | |
| MIDWEST VETERINARY | : | |
| PARTNERS, LLC, *et al.* | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SCHMEHL, J./s/ JLS**                                                  **FEBRUARY 17, 2023**

*Pro se* Plaintiff Krista Kulp, a former employee of the Midwest Veterinary Partners, LLC, filed this employment discrimination action regarding wrongful termination from her job at Hamilton Animal Care, a veterinary clinic located in Lehigh County. Currently before the Court are Kulp's Complaint (ECF No. 2) and her Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1).[1] For the following reasons, the Court will grant Kulp leave to proceed *in forma pauperis*, dismiss her Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and grant her leave to file an amended complaint.

---

[1] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, Civ. A. No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). Kulp's Complaint and her Motion for Leave to Proceed *In Forma Pauperis* do not contain hand placed signatures, but rather, contain electronic signatures. Under the discretion afforded by the Standing Order issued on May 13, 2020, *see In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Created by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept these electronic signature as compliant with Federal Rule of Civil Procedure 11. However, Kulp is directed to submit any future filings with the Court with a handwritten signature.

I.      **FACTUAL ALLEGATIONS**[2]

Kulp used this Court's form complaint for filing an employment discrimination suit to initiate this action, but she did not specifically indicate the nature of the claims she seeks to pursue or the alleged basis for the discrimination to which she asserts she was subjected.[3] (Compl. 1, 8.) Kulp asserts that her employer discriminated against her by failing to stop harassment, imposing unequal terms and conditions on her employment, retaliating against her, failing to promote her, and ultimately terminating her employment.[4] (*Id.* at 2-3, 9.)

Kulp alleges that on or about June 2, 2022, she had a meeting with her manager and a district manager who presented her with a Performance Action Workplan and notified her that this constituted a "final behavioral warning." (*Id.* at 3, 10.) Kulp contends that she never received any other behavioral warnings prior to the June 2, 2022 meeting, which caused her to question portions of the Workplan and why it constituted a final warning. (*Id.*) In response, the district manager said that she was "being argumentative and uncooperative and 'clearly [wouldn't] accept responsibility' for her actions[,] so [the district manager] revoked [Kulp's] action plan and terminated" her employment. (*Id.*) Kulp claims that the action plan "called [her]

---

[2] The allegations set forth in this Memorandum are taken from Kulp's Complaint and attached exhibits. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] By checking off various blank spaces on the form complaint, plaintiffs may indicate the statutory basis for their claims including: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; (2) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; (3) the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12112-12117; and (4) the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-963. In two separate places in her Complaint, Kulp declined the opportunity to specify which employment discrimination statutes were relevant to her claims. (Compl. at 1, 8.)

[4] Kulp made these allegations of discrimination by checking the applicable boxes on her form Complaint where she was asked to identify "[t]he discriminatory conduct of which [she] complain[s]." (*Id.*)

out for behavioral charges that were nearly identical to charges [she] had made against a co-worker, Diane Lance, over a period of several months." (*Id.* at 10.)  Kulp alleges that her claims against her co-worker Diane Lance were not addressed. (*Id.*)  Kulp specifically asserts that her manager, Maryann Gonzalez, said "she didn't know how to talk to Ms. Lance because . . . Ms. Lance would get so angry." (*Id.*)

Kulp alleges that she filed a discrimination charge with the EEOC[5] and received a Notice of Right to Sue Letter on or about September 16, 2022, (*see* Compl. at 4 and 10), which she attached as an exhibit to her Complaint.  (*See* ECF No. 2-3.)  She also indicated that she filed a charge of discrimination with the Pennsylvania Human Relations Commission[6] on or about July 14, 2022.  (Compl. at 4.)  As relief, Kulp asks that the Court grant her "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Kulp leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[5] It is unclear when Kulp filed her initial charge of discrimination with the EEOC as the Complaint indicates it was filed on or about September 16, 2022 – the same date the EEOC issued Kulp's Right to Sue Letter.

[6] The form Complaint Kulp completed and filed with the Court allows a plaintiff to fill in the blank with the date of when the individual filed a charge with either the Pennsylvania Human Relations Commission or the Philadelphia Commison on Human Relations.  For ease of reference, the Court simply refers to the Pennsylvania Human Relations Commission above while recognizing the charge could have been filed elsewhere.

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Kulp is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving

rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

With respect to claims for gender/sex discrimination, "Title VII prohibits sexual harassment that is 'sufficiently severe or pervasive to alter the conditions of [the plaintiff's] employment and create an abusive working environment.'" *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)) (alteration in original). "To succeed on a hostile work environment claim, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Mandel*, 706 F.3d at 167. "The first four elements establish a hostile work environment, and the fifth element determines employer liability." *Id.* (citing *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009).

To establish a *prima facie* case of age discrimination, a plaintiff must allege that "(1) [she] is at least forty years old; (2) [she] suffered an adverse employment decision; (3) [she] was qualified for the position in question; and (4) [she] was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). A plaintiff must allege these same elements in order to set forth a plausible claim under the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996) (noting that Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts"). To state a claim for employment discrimination under the ADA, a

plaintiff must allege that she is a "qualified individual with a disability" within the meaning of the ADA, and that she suffered an adverse employment decision as a result of the discrimination. *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001).[7]

Regardless of the nature of the alleged discrimination, to state a claim under the federal laws prohibiting employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that her membership in a protected class was "either a motivating or determinative factor" in her employer's adverse employment action against her.[8] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted). *See also Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App' x 246, 249 (3d Cir. 2012 (*per curium*) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)).

Kulp has not alleged any facts supporting her conclusory allegations that Defendants discriminated against her. Kulp's Complaint is silent with respect to the basis of any alleged

---

[7] Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because she made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *See* 42 U.S.C. § 2000e-3; *Allstate*, 778 F.3d at 449. A plaintiff states a retaliation claim if she "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by [the statute]; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789; *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

[8] Title VII makes it unlawful for an "employer" to discriminate. 42 U.S.C. § 2000e-2(a)(1). Kulp named two Defendants in her Complaint, Midwest Veterinary Partners, LLC, and Hamilton Animal Care. It is unclear which entity was her employer.

discrimination and does not aver her membership in any protected class. Kulp does not provide any information regarding her race, color, religion, sex, national origin, age, or disability, nor has she explained how she was discriminated against because of any of those characteristics. The facts alleged in the Complaint fail to support a plausible inference that Kulp was subjected to an adverse action because of any of these characteristics, or because of impermissible retaliation. In the absence of such facts, Kulp cannot state a plausible claim under federal employment discrimination law.[9] *See, e.g.*, *Favors v. Sec'y United States Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race"); *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Culler*, 507 F. App'x at 249 (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity," citing *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

---

[9] Attached to Kulp's form Complaint, is a nine-page document entitled "Incidents in Support of Complaint for Employment Discrimination" as well as a copy of her Performance Action Workplan. (*See* Compl. at 12-20); (*see also* ECF No. 2-1 at 1-3.) The documents recount communications and events that allegedly occurred during the course of Kulp's employment and that she appears to believe resulted in the drafting of the Performance Action Workplan, and ultimately, in her termination. However, there are no allegations setting forth her membership in a protected class and how she was discriminated against on the basis that membership.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Kulp leave to proceed *in forma pauperis* and dismiss her Complaint. This dismissal will be without prejudice to Kulp's right to file an amended complaint in the event she can cure the defects noted above. An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**